NO. 07-07-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2008

_____

IN THE INTEREST OF R.L.M., B.M.M., C.M.,
J.N.M., J.A., T.T. and J.J.R.
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,950; HON. KEVIN HART, PRESIDING
_____

***On Second Abatement and Remand***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Juaquin Martinez, Jr., appeals from the termination of his parental rights to his minor children, B.M.M., C.M., J.N.M., and J.J.R. His appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein she certified that, after diligently searching the record, she concluded that the appeal was without merit.[2] Along with her brief, counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response

_____

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 492 (1967).

[2]This court has held that appointed counsel may file an *Anders* brief in an appeal from an order terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.–Amarillo 2001, no pet.).

or brief *pro se.* By letter dated May 5, 2008, this court notified appellant of his right to file a response and set June 4, 2008, as the deadline to do so. Appellant filed his response on May 20, 2008.

In an opinion issued on May 28, 2008, this court discussed appellate counsel's brief and noted counsel's conclusion that the appeal was frivolous. Counsel (*i.e.*Terri Morgeson) also moved to withdraw due to her conclusion. Yet, our review of the record led us to conclude that there were potentially arguable issues for review. Thus, we granted appellate counsel's motion to withdraw and abated the matter back to the trial court for the appointment of *new* counsel. In responding to our order, the trial court re-appointed Terri Morgeson as counsel.[3]

Accordingly, (and to avoid any appearance of impropriety inherent in assigning one who has publically concluded that his or her client has no viable appeal to represent the client on appeal), we again abate and remand the cause to the trial court for the appointment of new counsel, other than Terri Morgeson, per the dictates of *Anders* and its progeny. The trial court shall further order the newly appointed counsel to file an appellant's brief in accordance with our prior abatement order, as per the Texas Rules of Appellate Procedure, by August 18, 2008. Any responding brief which the State wishes to file shall be filed within 30 days after the filing of appellant's brief. Finally, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript which transcript shall be filed with the clerk of the court by July 10, 2008.

Per Curiam

---

[3]We assume that this is the same Terri Morgeson who filed the aforementioned *Anders* brief and who was permitted to withdraw from the case since the state bar numbers are the same.